In the Matter of the Claim of the Estate of WILLARD PEER, Respondent, against EAST ROCHESTER EXEMPT FIREMEN'S ASSOCIATION, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits made under the Workmen's Compensation Law to the minor child of a deceased employee. The only issue involved is whether decedent's injuries and death resulted solely from intoxication while he was on duty. Decedent was a cook. On the morning of his death he was on the premises of the employer and there is some proof to indicate that shortly before the body was found he was on his way through an outside entrance to the cellar of the premises for the purpose of getting some vegetables. His body was found lying face down two or three feet away from the sidewalk in the rear of the premises. The medical proof indicates that he sustained a fractured skull and died a very short time after he was picked up. The proof also indicates beyond any question that the decedent was intoxicated but other facts and circumstances proven make it impossible for us to say that his death resulted solely from intoxication. With

the factual background presented it was within the power of the board to determine, as a matter of fact, that his death did not result solely from intoxication. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Brewster, Bergan, Coon and Imrie, JJ.